**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**NEI BALAM**                                                                            **PLAINTIFF**

**V.**                                               **CIVIL ACTION NO.:** 3:22-cv-126-DPJ-FKB

**VANTEC HITACHI TRANSPORT SYSTEM (USA), INC.**                    **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

    **COMES NOW** Plaintiff Nei Balam and brings this action against her former employer, Defendant, Vantec Hitachi Transport System (USA), Inc.   As more specifically set forth below, Plaintiff has been subjected to FMLA interference and retaliation in the terms and conditions of her employment with Defendant.  The actions of the Defendant constitute willful violations of the Family and Medical Leave Act of 1993, as amended.

**THE PARTIES**

    1.     Plaintiff, Nie Balam, is an adult female resident of Yazoo County, Mississippi.

    2.     Defendant, Vantec Hitachi Transport System (USA), Inc., is a California Corporation licensed to do business in the State of Mississippi that may be served with process through its registered agent: C T Corporation System, 645 Lakeland Drive East, Suite 101, Flowood, Mississippi 39232.

**JURISDICTION**

    3.     This Court has federal jurisdiction for actions that arise under the Family and Medical Leave Act of 1993 (FMLA).

4.      This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court.

## **STATEMENT OF FACTS**

5.      Plaintiff is a 40-year-old female resident of Yazoo County, Mississippi.

6.      Plaintiff was hired by Vantec Hitachi Transport System (USA), Inc. as a Scanner on October 15, 2018.

7.      At the time of her termination, Vantec was a covered employer within the meaning of the FMLA due to the fact that Defendant employed in excess of 50 employees within a 75-mile radius of the facility where Defendant employed Plaintiff.

8.      Likewise, Plaintiff was a qualified employee within the meaning of the FMLA due to the fact that she had worked in excess of 1250 hours within the twelve months preceding her request for FMLA leave.

9.      During late 2019, Plaintiff had been approved for intermittent FMLA leave to take care of her 7-year-old daughter's health condition, i.e., asthma, chronic hypertension, developmental and cognitive delays.

10.     On March 19, 2020, there was a Forklift Operator with whom Plaintiff was working who had begun coughing frequently.

11.     Rumors were going around the plant, expressing suspicions that this person or others might be positive for Covid-19.

12.     As the day went on, Safety Personnel began approaching any employees who were coughing and escorting them out of the building and sending them to be tested.

13.     On March 20, 2020, Plaintiff attended a company meeting in the first few hours of the shift.

14.     During the meeting, Defendant Management announced that due to the Covid-19 pandemic, the company was reducing hours and would be shutting down until the pandemic blew over.

15.     It was offered that if employees wanted to continue working, they could continue working for 24 hours per week.

16.     Alternatively, employees were told they could go file for Covid Unemployment (i.e., they would be furloughed), and they would be called back in two to three weeks, when it was time to return to work.

17.     After the meeting on March 20th, Plaintiff spoke to her Lead, Charles Williams.

18.     Plaintiff reminded Mr. Williams that she was approved for intermittent FMLA leave.

19.     Given her concerns about the possibility of being exposed to the rapidly spreading virus, Plaintiff requested that she be allowed to use her FMLA leave to cover the last four hours of the shift.

20.     Mr. Williams acknowledged Plaintiff's concern and told her it was fine for her to do that.

21.     On March 21, 2020, Plaintiff filed for Covid-19 Unemployment.

22.     Plaintiff was approved for Covid-19 Unemployment and began receiving benefits.

23.     After that, Plaintiff awaited the call to return to work.

24.     On April 3, 2020, Human Resources Manager Kecia Carson informed Plaintiff by text that she was terminated from her position at Vantec.

25.     The text from Carson stated, "…Because of [Plaintiff's] actions on March 20th, the company considered her leaving a voluntary quit.  She has been taken off active roster…"

26.     After that, Plaintiff applied for regular Unemployment benefits.

27.     Plaintiff explained to a representative of Mississippi Department of Employment Security (MDES) that she had been terminated after being furloughed.

28.     Plaintiff was told, however, by the representative of MDES, that Vantec was disputing her (Plaintiff's) receiving benefits on the alleged grounds that she (Plaintiff) quit voluntarily.

29.     In the days and weeks that followed, MDES informed Plaintiff that despite Defendant's initial allegation that Plaintiff had quit voluntarily, Defendant was refusing to cooperate with MDES on any further investigation and were not pursuing an appeal hearing.

30.     MDES, therefore, concluded that Defendant's initial allegation was false and approved Plaintiff for Unemployment benefits.

## CAUSES OF ACTION

## COUNT I:  VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT (FMLA) - INTERFERENCE

31.     Plaintiff incorporates by reference all preceding facts as set forth in Paragraphs 1 through 30.

32.     It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA.

33.     Defendant willfully and intentionally interfered with Plaintiff's right to properly utilize leave to which she has been approved for and was clearly entitled under the FMLA for the care of her daughter.

34.     As a result of Defendant's interference with Plaintiff's rights to take leave pursuant to the FMLA described above, Plaintiff has suffered and continues to suffer significant lost pay and benefits.

35.     The willful conduct of Defendant is evidenced by a consciously indifferent attitude towards employee's rights under the FMLA.   As a result of this conduct, liquidated damages should be assessed against Defendant.

36.     Plaintiff also seeks all other relief, at law or in equity, to which she may show herself justly entitled.

## COUNT II:  VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT (FMLA) - RETALIATION

37.     Plaintiff incorporates by reference all preceding facts as set forth in Paragraphs 1 through 36.

38.     It is unlawful for any employer to discharge or discriminate against any individual for opposing any practice made unlawful by the FMLA.

39.     As a result of Defendant's retaliatory acts described above, Plaintiff has suffered and continues to suffer significant lost pay and benefits.

40.     The willful conduct of Defendant is evidenced by a consciously indifferent attitude towards employee's rights under the FMLA and its subsequent retaliation against Plaintiff.   As a result of this conduct, liquidated damages should be assessed against Defendant.

41.     Plaintiff also seeks all other relief, at law or in equity, to which she may

5

show herself justly entitled.

### **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED, PLAINTIFF RESPECTFULLY PRAYS** that the Court cause service to issue in this cause upon the Defendant and that this matter be set for trial.  Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1. Back wages and reinstatement; or
2. Future wages in lieu of reinstatement;
3. Tax gross-up with all make-whole relief;
4. Liquidated damages;
5. Lost benefits;
6. Pre-judgment and post-judgment interest;
7. Attorney fees and costs; and
8. Such other relief as the Court deems just and appropriate.

THIS, the 8th day of March 2022.

Respectfully submitted,

NEI BALAM, PLAINTIFF

By: _/s/Louis H. Watson, Jr._
Louis H. Watson, Jr., (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, Mississippi 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web:  www.watsonnorris.com